Efrain DICKSON d/b/a Dr. Efrain
Dickson, Appellant,

v.

STATE FARM LLOYDS, Appellee.

No. 13–96–113–CV.

Court of Appeals of Texas,
Corpus Christi.

Feb. 27, 1997.

Peter Steiner, Markey, Hughes & Steiner, Corpus Christi, for appellant.

Paul Dodson, White, Huseman & Pletcher, Corpus Christi, for appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr. and YANEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

Appellant, Dr. Efrain Dickson, a Corpus Christi physician, sued State Farm Lloyds, appellee, for refusing to pay his claim under a "Special Businessowners" insurance policy which, among other things, insured Dickson against the dishonest acts of his employees. The trial court granted a take-nothing summary judgment in favor of State Farm on the ground that the policy provided no coverage for Dickson's loss. We affirm.

Dickson raises a single point of error complaining that the trial court erred in granting summary judgment based on the terms of the policy, arguing generally that the terms of the policy are ambiguous and that a material issue of fact exists regarding the "mani-

fest intent" of the dishonest employees to cause a loss.

The standards of review for a summary judgment are well-established. The movant must show there is no genuine issue concerning a material fact which would entitle the movant to judgment as a matter of law. *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex. 1995) (per curiam); TEX.R. CIV. P. 166a(c). A defendant who conclusively negates at least one essential element of a plaintiff's claim or who conclusively establishes all the elements of an affirmative defense is entitled to summary judgment. *Wornick Co. v. Casas,* 856 S.W.2d 732, 733 (Tex.1993); *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). However, in reviewing a summary judgment, all evidence is to be construed in favor of the nonmovant, to whom every reasonable inference is allowed and on whose behalf all doubts are resolved. *El Chico v. Poole,* 732 S.W.2d 306 (Tex.1987); *Nixon v. Mr. Property Mgt. Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985); *Emmert v. Progressive County Mutual Ins. Co.,* 882 S.W.2d 32, 34 (Tex.App.— Tyler 1994, writ denied). It is not the purpose of summary judgment to deprive a litigant of his right to a full hearing on the merits of any real issue of fact, but to eliminate patently unmeritorious claims and untenable defenses. *City of Garland v. Booth,* 895 S.W.2d 766, (Tex.App.—Dallas 1995, writ denied).

█ In addition, a petition must give fair and adequate notice of the facts upon which the pleader bases his claim. *SmithKline Beecham Corp. v. Doe,* 903 S.W.2d 347, 354 (Tex.1995); *Roark v. Allen,* 633 S.W.2d 804, 810 (Tex.1982). Accordingly, a defendant need not show that the plaintiff cannot succeed on any theory conceivable in order to obtain summary judgment, but is only required to meet the plaintiff's case as pleaded. *SmithKline,* 903 S.W.2d at 355; *Cook v. Brundidge, Fountain, Elliott & Churchill,* 533 S.W.2d 751, 759 (Tex.1976).

█ Dickson alleged his right to relief in a single paragraph of his Original Petition, as follows:

> Plaintiff seeks all damages allowed at law for the conduct of Defendant. Specifi-
> cally, Defendant entered into a contract of insurance with Plaintiff by which it agreed to insure against dishonest acts of employees of Plaintiff. Despite a claim falling within the terms of the applicable policy, Defendant refuses to pay the damages called for by its policy of insurance. The damages sought are within the jurisdiction of this Honorable Court. All conditions precedent to the filing of this suit have been satisfied.

The petition clearly alleges a cause of action on the insurance policy for "a claim falling within the terms of the applicable policy." No claim is made for fraudulent representations or other possible causes of action outside the terms of the policy. Moreover, Dickson's vague allegations in his response to the motion for summary judgment and supporting affidavit concerning State Farm's representations to him that he had "complete coverage" for employee dishonesty do not create a separate cause of action that State Farm must disprove. *See Jones v. Wal-Mart Stores, Inc.,* 893 S.W.2d 144, 147 (Tex. App.—Houston [1st Dist.] 1995, no writ) (claim raised for the first time in response to motion for summary judgment does not thereby become a part of the petition that the defendant must disprove).

The terms of the present insurance policy are undisputed. Under the Employee Dishonesty provisions of that policy, State Farm agreed to indemnify Dickson as follows:

> We will pay for direct loss of or damage to Business Personal Property, including money and securities, resulting from dishonest acts committed by any of your employees acting alone or in collusion with other persons (except you or your partner) with the manifest intent to:
>
> (1) Cause you to sustain loss or damage; and also
>
> (2) Obtain financial benefit (other than salaries, commissions, fees, bonuses, promotions, awards, profit sharing, pensions or other employee benefits earned in the normal course of employment) for:
>
> (a) Any employee; or
>
> (b) Any other person or organization.

Also undisputed in the present case is the nature of Dickson's claim for benefits. State Farm submitted the affidavit of claim representative Sarah Wright, who stated that Dickson's claims under the policy were based on some of his employees having been paid for time that they did not actually work. In response to the summary judgment motion, Dickson submitted his own affidavit admitting that his claims are based on "two women who were manipulating our time card system in order to obtain extra salary." Accordingly, State Farm contends that the benefits allegedly obtained by Dickson's employees are excluded from coverage as "salaries ... or other employee benefits earned in the normal course of employment."

The interpretation of insurance contracts is governed by the same rules of construction applicable to other contracts, which require the courts to strive to give effect to the written expression of the parties' intent. *State Farm Life Ins. Co. v. Beaston,* 907 S.W.2d 430, 433 (Tex.1995); *Forbau v. Aetna Life Insurance Co.,* 876 S.W.2d 132, 133 (Tex.1994). Only if an insurance policy remains ambiguous despite the rules of interpretation should courts construe its language against the insurer in a manner that favors coverage. *Beaston,* 907 S.W.2d at 433; *Ramsay v. Maryland Am. Gen. Ins. Co.,* 533 S.W.2d 344, 349 (Tex.1976).

An insurance policy or fidelity bond of the present nature protects the employer against such dishonest actions of his employee as embezzling the employer's funds or selling the employer's property for personal gain. *See Downer v. Amalgamated Meatcutters and Butcher Workmen of North America,* 550 S.W.2d 744, 746 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.); *Lawyers Sur. Corp. v. American Public Life Ins. Co.,* 540 S.W.2d 842, 845 (Tex.Civ.App.—Waco 1976, no writ); *Aetna Cas. & Sur. Co. v. Moss,* 336 S.W.2d 748, 750 (Tex.Civ.App.—San Antonio 1960, no writ).

However, we have neither been cited to, nor have we found, other Texas cases construing the particular exception to coverage which is at issue in the present case. Nevertheless, courts usually strive for uniformity in construing insurance provisions, especially where, as here, the contract provisions at issue are identical across the jurisdictions. *National Union Fire Ins. Co. v. CBI Industries, Inc.,* 907 S.W.2d 517, 522 (Tex.1995). Accordingly we look to the interpretation of this provision by the courts of our sister states. Specifically, when an employee has dishonestly or fraudulently obtained for himself only salary or other such employee benefits, other courts have held that similarly worded policies unambiguously exclude coverage. *See Municipal Securities, Inc. v. Insurance Co. of North America,* 829 F.2d 7, 10 (6th Cir.1987); *James B. Lansing Sound, Inc. v. National Union Fire Ins. Co.,* 801 F.2d 1560, 1567 (9th Cir.1986); *Benchmark Crafters, Inc. v. Northwestern National Ins. Co.,* 363 N.W.2d 89, 91 (Minn.App. 1985); *Mortell v. Insurance Co. of North America,* 120 Ill.App.3d 1016, 76 Ill.Dec. 268, 275, 458 N.E.2d 922, 929 (1983); *cf. First National Bank v. Lustig,* 961 F.2d 1162, 1166–67 (5th Cir.1992) (fact issue existed concerning intent of dishonest employee who falsified loan records either to move ahead at the bank or to obtain benefits aside from advancement or employee benefits).

In the present case, Dickson contends that a fact question exists as to whether the dishonest employees had the "manifest intent" to obtain financial benefits from Dickson other than salaries or normal employee benefits. However, the uncontradicted summary judgment evidence established that Dickson's claims were based on employee dishonesty aimed only at obtaining additional wages by lying about the amount of time they had worked. This loss was clearly outside the coverage of the present policy. Accordingly, there is no remaining fact question regarding the manifest intent of those employees to obtain other financial benefits.

We conclude that the summary judgment evidence conclusively proves Dickson's claim was not covered by the present insurance policy, and that the trial court correctly granted summary judgment in favor of State Farm. We overrule Dickson's point of error.

We AFFIRM the judgment of the trial court.