Dr. Leonel VELA and Sylvia Garces–Hobbs, Appellants,

v.

Nancy Maria GOMEZ, Appellee.

No. 13–99–309–CV.

Court of Appeals of Texas,
Corpus Christi.

Oct. 21, 1999.

**912**

David S. Morales, Asst. Atty. Gen., John Cornyn, Atty. Gen. of Texas, Andy Taylor, First Asst. Atty. Gen., Linda Eads, Dept. Atty. Gen. for Litigation, Gregory S. Coleman, Sol. Gen., Toni Hunter, Asst. Atty. gen., Austin, for Appellant.

John G. Escamilla, Rodriguez, Pruneda, Tovar, Calvillo & Garcia, Ezequiel Tovar, Atty. at Law, McAllen, for Appellee.

Before: Justices DORSEY, HINOJOSA, and CHAVEZ.

## OPINION

Opinion by Justice CHAVEZ.

Appellee Nancy Maria Gomez sued the Texas Department of Health (TDH) and appellants, Dr. Leonel Vela and Sylvia Garces–Hobbs, alleging discrimination in hiring. Vela and Hobbs bring this interlocutory appeal[1] from the trial court's denial of their motion for summary judgment based on official immunity. We reverse and render judgment that Gomez take nothing.

Vela served as the Regional Medical Director for TDH from September 1992 through August 1997. As the TDH director, Vela was responsible for reviewing the hiring recommendations of selection committees and making the decision to accept or deny the committee's recommendations. Hobbs, who served as TDH's Assistant Regional Director for Administration, assisted Vela in his hiring duties and was responsible for the hiring of TDH employees in Vela's absence.

Gomez, a Hispanic female, worked several years for the Hidalgo County Medical Transport Program. The Texas Department of Human Services was responsible for administering the program, but in 1993, the program was transferred to TDH. In 1994, 1995, and 1997, Gomez applied for three different positions with TDH. In each instance, she was interviewed by a selection committee along with other applicants, and was not recommended for any of the three positions. In 1994, the position was given to a Hispanic female who was selected from among seven applicants. In 1995 and 1997, Hispanic males were selected from among the applicants.

During 1994 and 1995, Gomez had also applied for three other positions for which no one was ultimately hired. After initially being posted, these jobs were "canceled" or "upgraded" for various reasons. As a result of not being hired by TDH, Gomez communicated with TDH personnel in

---

1. An interlocutory appeal is authorized when a trial court denies a motion for summary judgment based on an assertion of immunity by an individual who is an employee of the state or a political subdivision of the state. Tex.Civ.Prac. & Rem.Code Ann. § 51.014(a)(5) (Vernon Supp.1999).

Austin, complaining of the hiring process and expressing her belief that she was the most qualified applicant. In March 1995, she filed a formal complaint with the Equal Employment Opportunity Commission and received notice of her right to sue in August 1996. In October 1996, Gomez filed suit against TDH, Vela, and Hobbs alleging discrimination, intentional infliction of emotional distress, and retaliation for filing her EEOC complaint. In an amended petition, Gomez added an allegation that Vela and Hobbs engaged in a civil conspiracy. Vela and Hobbs filed a motion for summary judgment asserting official immunity and arguing that Gomez's claims were not actionable as a matter of law. The trial court denied their motion and this interlocutory appeal followed. TDH is not a party to this appeal.

Appellants' sole issue contends the trial court erred in denying their motion for summary judgment based on the doctrine of official immunity.

The standard of review in a summary judgment case is well-established:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). A trial court should grant a defendant's motion for summary judgment if the defendant disproves at least one essential element of the plain-

tiff's cause of action, or if the defendant establishes all the elements of an affirmative defense as a matter of law. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997); *Dickson v. State Farm Lloyds*, 944 S.W.2d 666, 667 (Tex. App.—Corpus Christi 1997, no writ).

■■ Official immunity is an affirmative defense requiring the defendant to establish all elements of the defense. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994). Government employees are entitled to official immunity from suit arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority. *Id.* The purpose of official immunity is to insulate the functioning of government from the harassment of litigation, not to protect erring employees. *Kassen v. Hatley*, 887 S.W.2d 4, 8 (Tex.1994).

■■ The parties do not dispute whether appellants' duties were discretionary. Therefore, we need only address whether their duties were performed in good faith and within the scope of their authority. The test for whether a government official or employee acted in good faith is one of "objective legal reasonableness." *City of Lancaster*, 883 S.W.2d at 656. Under this test, appellants will be deemed to have acted in good faith if a reasonably prudent official or employee, under the same or similar circumstances, could have believed that appellants' acts were justified. *See id.* The "could have believed" aspect of the good faith test means that in order to be entitled to summary judgment, appellants must prove that a reasonably prudent regional director or assistant director might have believed that the hiring process they were following should have been continued. *See id.* To controvert appellants' summary judgment proof on good faith, Gomez must show that no reasonable person in the

appellants' position could have thought the facts were such that they justified appellants' acts. *See id.*

We begin our good faith analysis by reviewing appellants' job duties and determining whether they were justified in making the hiring decisions they made. In his affidavit attached to the motion for summary judgment, Vela described his duties as follows:

I was the ultimate authority for the hiring, discipline, and dismissal of all TDH employees in the Region 11 area. As Regional Director, I was responsible for reviewing the hiring recommendations of selection committees, and exercising my discretion in either accepting or denying their recommendations. In deciding whether to accept or deny a recommendation, I would independently review the application and credentials of the applicant recommended by the committee. In my absence, my Assistant Regional Director for Administration [Hobbs] would review any recommendations.

In 1995, a three-member selection committee submitted a memorandum to Vela wherein the committee recommended that Mr. Carlos DeLaRosa be hired for the position of Program Specialist I. This memorandum summarized why the committee had chosen Mr. DeLaRosa as the top candidate. Based on his skills and twenty years of experience with the State, including experience in the supervision and management of employees, the committee gave DeLaRosa a unanimous recommendation. Vela accepted the recommendation and DeLaRosa was hired for the job. Gomez was one of six applicants who was interviewed for the position.

In her affidavit, Hobbs described her duties as follows:

I was responsible for insuring compliance with TDH guidelines on interviews and selection of job applicants as well as being delegated the hiring authority in the absence of the Regional Medical Director. In the absence of the Regional Director, I was responsible for reviewing the hiring recommendations of the selection committees, and exercising my discretion in either accepting or denying their recommendation. In reviewing a recommendation, I would independently review the application and credentials of the recommended applicant.

In 1994, a two-member selection committee submitted a memorandum to Hobbs wherein the committee recommended that Ms. Roble Wilemon, a Hispanic female, be hired for the position of Administrative Tech III. This was a promotion for Ms. Wilemon because she was already working for TDH as an Administrative Tech II. The recommendation described Ms. Wilemon as being the "best qualified applicant both in job and knowledge experience." Hobbs accepted the committee's recommendation and Wilemon was hired for the job. In this instance, Gomez was one of seven applicants who was interviewed for that position.

In 1997, a three-member committee submitted a recommendation to Hobbs that Mr. Pablo Trevino be hired for the position of Public Health Technician III. Trevino was described as the top applicant based on his knowledge and managerial experience. At the time, he had been employed by TDH for eight years, serving most of that time as a Medicaid Specialist. Trevino also held a Bachelor's degree from Pan American University. The committee selected Trevino from nine candidates who were interviewed, but they also stated that Gomez, who was the second ranked applicant, be recommended as an alternate choice in the event Trevino was unable or unwilling to accept the position.

With respect to these three positions, it is Gomez's subjective belief that she was the most qualified applicant. Essentially,

she argues that being passed over for these jobs constitutes circumstantial evidence that appellants acted in bad faith. Based on our review of the record, the selection committee's memorandums show that Wilemon, DeLaRosa, and Trevino all had a considerable amount of knowledge and experience. Gomez offers no competent summary judgment evidence to show she was better qualified than the successful candidates.

After reviewing the grounds upon which appellants made their hiring decisions, we find that appellants acted in good faith. Under the objective legal reasonableness test, a reasonably prudent official or employee responsible for hiring under the same or similar circumstances could have believed that he or she was justified in hiring each of these three individuals over Gomez.

■ Gomez also complains that appellants were not acting in good faith because they discriminated against her on the basis of her gender and race. However, we find this argument untenable considering the fact that one of the positions was filled by a Hispanic female and the other two positions were filled by Hispanic males. Gomez further asserts that she was passed over for these positions because she had complained to upper-level TDH personnel in Austin as well as filing an EEOC complaint. Gomez, however, is unable to support her assertion with any type of summary judgment proof.

Because Gomez is unable to show that no reasonable person in the appellants' position could have thought that appellants' acts were justified, she has failed to controvert the good faith element.

As to the other three positions that Gomez applied for that were ultimately canceled or upgraded, Gomez alleges that once her application was received and she was interviewed, Vela and Hobbs were prompted to dispose of the positions because they were aware that Gomez was the best-qualified individual and they would be unable to justify giving the job to somebody else. Again, we find no evidence sufficient to raise the existence of material fact issues to support this allegation. Therefore, Gomez is still unable to controvert the good faith element.

■ Under the third element of official immunity, an official acts within the scope of his authority if he is discharging the duties generally assigned to him. *City of Lancaster*, 883 S.W.2d at 658. We hold that appellants were acting within the scope of their authority when they accepted the recommendations of the selection committees and made the decisions to accept those recommendations. It is uncontroverted that in their positions as Regional Medical Director and Assistant Regional Director of Administration, appellants had the authority to make hiring decisions.

Therefore, we conclude that appellants were entitled to official immunity and the trial court erred in denying their motion for summary judgment on this ground. Accordingly, we reverse the trial court's judgment, grant appellants' motion for summary judgment, and render judgment that Gomez take nothing.