NUMBER 13-97-014-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 ____________________________________________________________________ 



KEN PETROLEUM CORPORATION, ET AL., Appellants, 



v.

 

QUESTOR DRILLING CORP. AND PHIBRO ENERGY USA., INC., Appellees. 

____________________________________________________________________ 



On appeal from the 329th District Court of Wharton County, Texas. 

____________________________________________________________________ 



OPINION ON REMAND 


Before Chief Justice Seerden and Justices Yañez and Chavez 

Opinion by Justice Chavez


 Appellants Ken Petroleum Corporation (KEN) and Certain Member Companies at the Institute of London Underwriters
(Underwriters), brought suit against appellees Questor Drilling Corporation (Questor) and its parent company, Phibro
Energy USA, Inc. (Phibro), for breach of the defense and indemnity provisions in a drilling contract. The trial court
granted summary judgment in favor of Questor without stating the grounds for its decision. This case now comes to us on
remand from the Texas Supreme Court. See Ken Petroleum Corp. v. Questor Drilling Corp., 24 S.W.3d 344 (Tex. 2000). 

 The first time this case was before us we affirmed the decision of the trial court in part, and reversed and remanded in part. 
See Ken Petroleum Corp. v. Questor Drilling Corp., 976 S.W.2d 283 (Tex. App.--Corpus Christi 1999) rev'd, 24 S.W.3d
344 (Tex. 2000). In doing so, we held that (1) the indemnity provisions in the parties' contract violated the Texas Oilfield
Anti-Indemnity Act (TOAIA); (2) section 127.005 of the TOAIA required the parties to agree to procure the same dollar
amount of insurance to support their respective indemnity obligations; and (3) KEN had DTPA claims that were still viable. 
Id. The supreme court disagreed with each of these conclusions, and reversed and remanded the case to us to address the
two points we did not reach the first time we disposed of this case. See Ken Petroleum Corp. v. Questor Drilling Corp., 24
S.W.3d 344, 357 (Tex. 2000). 

 On November 5, 1992, Karl Hemphill, an employee of Questor, was killed while working on the Duson #1 well. 
Hemphill's estate and survivors sued Questor, KEN and others for wrongful death. KEN filed a cross-claim for indemnity
against Questor in this underlying suit, but subsequently nonsuited Questor after Hemphill's estate and survivors settled
with all defendants. For KEN's portion, its insurer, Underwriters, contributed $495,000 and KEN contributed its $5000
deductible, for a total settlement of $500,000. 

 KEN and Underwriters then brought this suit against appellees for breach of the parties' defense and indemnity agreement,
DTPA violations, and breach of guaranty. Appellees filed a motion for summary judgment on the grounds that the contract
was void under the TOAIA; KEN's insurers had waived their subrogation rights pursuant to the contract; and KEN's DTPA
claims were invalid. The trial court granted appellees' summary judgment and this appeal arose. 

 The standard of review in a summary judgment case is well-established. The movant for summary judgment has the
burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. 
Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex.1985). In deciding whether there is a disputed
material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. Id. Every
reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. Id. 

 A trial court should grant a defendant's motion for summary judgment when the defendant negates at least one element of
each of the plaintiff's theories of recovery, or pleads and conclusively establishes each element of an affirmative defense. 
Science Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997); Dickson v. State Farm Lloyds, 944 S.W.2d 666, 667
(Tex. App.--Corpus Christi 1997, no writ). If the order granting a summary judgment does not specify the ground or
grounds on which the trial court relied, the nonmoving party on appeal must negate any grounds on which the trial court
could have granted the order. Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970); Reese v. Beaumont
Bank, N.A., 790 S.W.2d 801, 804 (Tex. App.--Beaumont 1990, no writ). 

 In the first remaining point of error, KEN and Underwriters argue that Questor and Phibro are not entitled to an offset for
the sums paid by the underwriters on KEN's behalf. Under the "collateral source rule," a party may not have the benefit of
insurance independently procured by the injured party, and to which the party was not privy. Brown v. American Transfer
& Storage Co., 601 S.W.2d 931, 934 (Tex. 1980) (citing Texas & Pac. Ry. Co. v. Levi & Bro., 59 Tex 674 (Tex. 1884)).
However, when a contract requires that either party have insurance and the insurance covers a loss, both parties are in
privity and the insurance policy or policies are not independently procured; a party required to have insurance under such
contractual provisions therefore cannot later be held liable for the same losses. Wayne Strand Pontiac-GMC, Inc. v.
McColskey, 644 S.W.2d 831, 832-33 (Tex. App.--Corpus Christi 1982, writ dismissed); Publix Theaters Corp. v. Powell,
71 S.W.2d 237, 241 (Tex. 1934). Here, each party agreed to insure itself against losses incurred by its own employees
while working for the other. Therefore they were in privity, and their insurance was not independently procured. 

 KEN's insurance policy contained an express grant to waive subrogation when entering into a contract with an entity like
Questor. Subrogation rights may be waived or altered by contract. National Union Fire Ins. Co. v. Pennzoil Oil Co., 866
S.W.2d 248, 251-52 (Tex. App.--Corpus Christi 1993, no writ). The contract between KEN and Questor contains the
following waiver of subrogation: "For liabilities assumed hereunder by Contractor, its insurance shall be endorsed to
provide that the underwriters waive their right of subrogation against Operator. Operator will, as well, cause its insurer to
waive subrogation against Contractor for liability it assumes." When language is unambiguous, as it is here, the language
must be given its plain meaning. Puckett v. U.S. Fire Ins., 678 S.W.2d 936, 938 (Tex. 1984);see also Brown v. Am.
Transfer & Storage Co., 601 S.W.2d 931, 939 (Tex. 1980) (Garwood, J. concurring) (extending same conclusion to
contractual waivers of subrogation). This is an express, unambiguous waiver of subrogation. Therefore, under the
contract, if Questor and Phibro were held liable to KEN, they would be entitled to an offset equal to the amount paid by
KEN's carriers to settle the Hemphill action. We overrule this point of error. 

 In the second remaining point of error, KEN and Underwriters argue that Phibro breached a guaranty contract.(1) We
disagree with this contention because the letter relied upon in support of its argument is not a guaranty contract. This letter
is the only evidence of a guaranty. In order for a guaranty to be enforceable, it must, with reasonable clarity, evidence an
intent on the part of a party to become liable on the event of default by the primary obligor. Block v. Aube, 718 S.W.2d
914, 915 (Tex. App.--Beaumont 1986, no writ); see Taylor v. First State Bank, 178 S.W. 35, 36-38 (Tex. Civ. App--Fort
Worth 1915, no writ). Contracts of guaranty are construed in favor of the grantor, and may not be extended beyond their
precise terms. McKnight v. Virginia Mirror Co., 463 S.W.2d 428, 430 (Tex. 1971); Buffalo Sav. & Loan Ass'n. v. Trumix
Concrete Co., 641 S.W.2d 650, 654 (Tex. App.--Corpus Christi 1982, no writ). 

 The letter notifies KEN that Phibro maintains "a self-insured retention for primary Comprehensive General Liability
insurance" and other insurance in "excess of this retention" for itself and its subsidiary. Nowhere does the letter mention or
allude to KEN and Questor's drilling contract, which had not yet been negotiated, or to any other obligation with reasonable
clearness. Accord Tenneco Oil Co. v. Gulsby Eng'g, Inc., 846 S.W.2d 599, 605 (Tex. App.--Houston [14th Dist.] 1993,
writ denied). The letter neither purports to be a guaranty nor describes any underlying obligation or promise to pay. It is
therefore impossible to construe this letter as a guaranty as a matter of law. We overrule this point of error. 

 We AFFIRM the judgment of the trial court. 



MELCHOR CHAVEZ 

Justice 



Do not publish. 

Tex. R. App. P. 47.3. 



Opinion delivered and filed this the 

21st day of December, 2000. 

1. A guaranty is a collateral contract for satisfaction of the debt of the other only if and when the debtor fails to repay the
debt. Black's Law Dictionary 705 (6th ed. 1990); see e.g., Garner v. Corpus Christi Nat'l Bank, 944 S.W.2d 469, 475 (Tex.
App.--Corpus Christi 1997, writ denied).