Affirmed and Opinion filed _____________, 2002














Reversed and Remanded
and Opinion filed June 5, 2003.                                                     

 

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01210-CV

____________

 

CITY OF HOUSTON
AND JOHN PITTMAN NORRIS, Appellants

 

V.

 

LOIS FLANIKEN, Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the 151st District Court

                                                           Harris
 County, Texas                       

Trial Court Cause
No. 99-55257




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



O P I N I
O N

            The City of Houston
and its employee, John Norris, file this interlocutory appeal from the trial
court’s denial of their motion for summary judgment asserting immunity in Lois Flaniken’s traffic collision suit.  Flaniken claimed
immunity was waived by the Texas Tort Claims Act, as she alleged Norris
operated a city ambulance negligently.  See Tex.
Civ. Prac. & Rem. Code § 101.021(1). 
We have jurisdiction on this interlocutory appeal of that part of the
motion for summary judgment based on official immunity.  See
Id.
§ 51.014(5); City of Houston v. Kilburn,
849 S.W.2d 810, 811-12 (Tex.
1993) (per curiam).

            In response to an emergency call
from a fire unit, Norris was driving an ambulance with its lights and siren on,
when he passed a car driven by Freddie Dillingham in which Flaniken
was a passenger.  After passing them, Norris
turned at the next corner, and after discovering a mix-up in addresses and
seeing a firefighter motioning to them from an alley, began to back up.  Meanwhile, Dillingham had also turned, and came
to a stop behind the ambulance.  A
collision ensued, in which Flaniken claims she
received injuries to her back, knee, and shoulder. 

            It is disputed whether the ambulance
still had its emergency lights on as it began to back up, and whether Dillingham
tried to pass it as it was.  It is
undisputed the ambulance’s back-up warning signal was beeping, and that
Dillingham was less than 500 feet away from the ambulance.  See
Tex. Transp.
Code § 545.407(b) (prohibiting drivers from following within 500 feet of
ambulance with lights flashing, or from driving or parking in a manner intended
to interfere with ambulance’s movement). 

            We review the denial of a motion for
summary judgment by the same standards as a grant of summary judgment.  See Dolcefino v. Randolph, 19 S.W.3d 906, 916 (Tex.
App.—Houston [14th Dist.] 2000, pet. denied).  Denial was proper if, viewing the evidence in the light most favorable to Flaniken, there was a genuine issue of material fact
and appellants failed to establish entitlement to judgment as a matter of
law.  See
Tex. R. Civ. P. 166a(c); Wal-Mart Stores, Inc. v. Rodriguez, 92
S.W.3d 502, 506 (Tex. 2002).  

            Government employees are entitled to
official immunity from suit arising from (1) the performance of their
discretionary duties (2) in good faith (3) that are within the scope of their
authority.  City of Lancaster v. Chambers, 883 S.W.2d
650, 653 (Tex. 1994).  It is
undisputed Norris was acting in the course and scope of his duties as a
government employee.  The evidence also
establishes as a matter of law that Norris was conducting a discretionary duty
at the time of the collision, as operation of an emergency vehicle in an emergency
situation is a discretionary duty.  See, e.g., Rivas v. City of Houston, 17
S.W.3d 23, 29 (Tex. App.—Houston
[14th Dist.] 2000, pet. denied), rehearing
denied, 19 S.W.3d 901 (pet. denied).[1]

            As to the last element, an officer acts in good faith in a particular case if a
reasonably prudent officer, under the same or similar circumstances, could have
reasonably believed the need to undertake the action outweighed a risk of harm
to the public resulting from the action. 
See Chambers, 883 S.W.2d at 656.  This
includes an assessment of both the need
to which an officer responds and the risks
of the officer’s course of action.  See Wadewitz v. Montgomery,
951 S.W.2d 464, 467 (Tex.
1997).

            In this case, Norris’s testimony
that the ambulance was responding to a medical emergency is uncontroverted.  And although there is always risk in backing up
a vehicle, there was no evidence that this was done at an unsafe speed; the
risk in this case was much less than that involved in a high speed chase or running
traffic signals.  Moreover, Norris had
just driven down the same street immediately before backing up, and thus was
not driving into an unknown situation.  Finally,
it was uncontroverted that Dillingham stopped his
vehicle immediately behind the ambulance, well within the 500-foot clearance
required by law in emergency situations.

            In
support of their motion, appellants attached an expert’s affidavit from Houston
Assistant Fire Chief Michael Ivy, who concluded that all paramedics would have
responded in the same or similar manner, and Norris’s actions were prudent and
reasonable in light of his need to arrive at the scene and the limited
potential risk to the public involved in this case.  In response, Flaniken
filed several deposition transcripts but did not include an expert affidavit.

            Accordingly, we find the trial court
erred in denying the motion for summary judgment based on official
immunity.  Because the summary judgment
proof demonstrates Norris was immune as a matter of law, the City’s governmental
immunity remains intact as well.  See Kilburn, 849
S.W.2d at 812.

            The order of the trial court is reversed
and remanded.[2]

 

                                                                                                

                                                                                    /s/        Scott Brister

                                                                                                Chief
Justice

 

Judgment
rendered and Memorandum Opinion filed June
 5, 2003.

Panel
consists of Chief Justice Brister and Justices Fowler
and Edelman.

 











[1] Flaniken’s argument that Norris was no longer responding to
an emergency when the ambulance’s emergency lights were allegedly turned off is
without merit.  Flaniken
herself testified there was no doubt in her mind the ambulance was on an
emergency run, and it is undisputed the lights and siren were in operation as
the ambulance approached the scene to which it had been called.  Assuming (as we must) the emergency lights
were then extinguished, that is no evidence the emergency was as well.





[2]
During the pendancy of the appeal, two unopposed
motions for nonsuit were filed in the case that did
not involve Flaniken’s causes of action against
Norris or the City.  We decline to rule
on these motions and refer the matter to the trial court.