**FLUOR DANIEL, INC., Appellant,**

v.

**H.B. ZACHRY COMPANY, INC., Appellee.**

**No. 13–98–021–CV.**

Court of Appeals of Texas, Corpus Christi.

July 22, 1999.

Rehearing Overruled Sept. 16, 1999.

William N. Woolsey, Scott D. Schmidt, Woolsey & Schmidt, Corpus Christi, for appellant.

James F. Buchanan, Kathryn F. Green, The Kleberg Law Firm, Corpus Christi, for appellee.

Before Chief Justice SEERDEN and Justices YAÑEZ and CHAVEZ.

**O P I N I O N**

Opinion by Justice CHAVEZ.

Appellant Fluor Daniel, Inc. (Fluor), brings this appeal from a summary judgment granted in favor of appellee, H.B. Zachry Company (Zachry). By two issues, Fluor contends the district court erred in granting the summary judgment based on grounds of *res judicata* and collateral estoppel. We reverse.

Fluor and Zachry were named defendants in a lawsuit brought by Arturo Ruiz against several defendants.[1] Ruiz was an employee of Citgo Petroleum Corporation (Citgo) when he fell from a scaffolding ladder and sustained serious injuries. Because Ruiz was covered by Citgo's workers' compensation insurance, Citgo was immune from liability to Ruiz and was never named a party-defendant in the case.

Fluor and Zachry entered into a settlement agreement with Ruiz, whereby a settlement fund was created with Fluor contributing $800,000 into the fund and Zachry contributing $50,000. Under the agreement, Fluor and Zachry agreed to remain parties to the proceeding and "to arbitrate the comparative responsibility between the two of them ...." despite the disproportionate dollar amounts that each had contributed to the fund.

The general provisions of the arbitration agreement entered into between the two parties established the purpose of the arbitration. It provided in relevant part:

The respected [sic] percentages of liability, if any, of the parties in the total sum of the settlement fund will be determined under this agreement, it being the intention of the parties that Zachry or Fluor Daniel or a third-party or all or some of them be found liable to the extent of the total thereof.

The agreement provided that the arbitration panel's decision would be final and binding on the parties, and not subject to review or appeal unless a party filed an application with the court to vacate or modify the panel's decision.

After the arbitration proceedings concluded, the panel decided Fluor and Zachry were each 10% liable and Citgo was 80% liable. Fluor petitioned the court for a modification and correction of the panel's decision noting that Citgo was immune from liability with respect to both Ruiz's claims and contribution claims between Fluor and Zachry. Fluor argued that because Citgo's liability was not an issue to be decided by the panel, the findings of equal liability as to Fluor and Zachry should be interpreted as 50% liability to each, thus making each party liable for one-half of the settlement fund. Zachry interpreted the panel's decision as holding it liable for only $85,000 or 10% of the $850,000 settlement fund. The provision of the arbitration agreement with respect

---

1. Cause No. 92–1055–C, styled *Arturo Ruiz v. H.B. Zachry Company, Fluor Daniel, Inc.,* *Mundy Services Corp., and Brand Scaffold Builders, Inc.*

to the district court's ability to modify the panel's decision stated:

> [T]he court shall modify or correct the Final Decision upon a showing that:
>
> A. There was an evident miscalculation of figures or an evident material mistake in the description of any person or party in the Final Decision;
>
> B. The Arbitration Panel decided an issue not submitted to it and the Final Decision may be corrected without affecting the merits of the Final Decision upon the issues submitted; or
>
> C. The Final Decision is imperfect in a matter of form not affecting the merits of the controversy.[2]

The district court's final judgment confirmed the arbitration panel's decision without modification or correction, and held none of the grounds for modification were present. The judgment did not attempt to clarify the arbitration panel's decision regarding percentages of liability, nor did it indicate the amount of contribution that Fluor and Zachry were responsible for. In a subsequent order, the court denied Fluor's petition for modification and correction. Believing its liability to be $85,000, Zachry tendered to Fluor an additional $35,000, but it was not accepted.

Thereafter, Fluor sued Zachry in federal district court for recovery of $375,000, that amount being half of the settlement fund minus $50,000 Zachry had already contributed. The federal court dismissed Fluor's cause of action finding "the Rooker–Feldman doctrine bars Fluor's action against Zachry and that this Court has no jurisdiction to review or modify the state judgment in cause number 92–1055–C." Under the *Rooker–Feldman* doctrine, federal district courts, as courts of original jurisdiction, lack jurisdiction to review, modify, or nullify final orders of state courts. *Liedtke v. State Bar of Texas,* 18 F.3d 315, 317 (5th Cir.), *cert. denied,* 513 U.S. 906, 115 S.Ct. 271, 130 L.Ed.2d 189 (1994).[3]

Still seeking relief, Fluor brought suit against Zachry in the same state district court that rendered the initial judgment.[4] The basis of the petition was "to have the Court construe the Arbitration Agreement between these parties and its earlier judgment entered pursuant to such Agreement and declare the meaning thereof in aid of enforcement of the Judgment." Fluor acknowledged the court's prior judgment as final, binding, and unappealable under the terms of the arbitration agreement, but asked the court to declare the prior judgment's dollar effect as to each party, because the arbitration panel's decision apportioning liability against Citgo was inconsistent with Texas law and the settlement agreement between Fluor and Zachry.

Zachry answered and filed a motion for summary judgment asserting that the court lacked jurisdiction to consider Fluor's claims because they were barred by the doctrines of *res judicata* and collateral estoppel. Zachry also urged that the prior order of the federal district court barred Fluor from bringing a state court action. Without specifying the grounds for its ruling, the court granted summary judgment and this appeal followed. Zachry has filed a motion with this Court requesting that we dismiss this appeal for lack of jurisdiction. Based on our disposition of this appeal, appellee's motion to dismiss for lack of jurisdiction is denied.

■ In its first issue, Fluor contends the trial court erred in granting the summary judgment on grounds of *res judicata* and collateral estoppel.

---

2. This provision tracks the language found in section 171.091 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem.Code Ann. § 171.091 (Vernon Supp.1999).

3. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) and *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

4. Cause No. 97–3543–C.

The standard of review in a summary judgment case is well-established:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). A trial court should grant a defendant's motion for summary judgment if the defendant disproves at least one essential element of the plaintiff's causes of action, or if the defendant establishes all the elements of an affirmative defense as a matter of law. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997); *Dickson v. State Farm Lloyds*, 944 S.W.2d 666, 667 (Tex. App.—Corpus Christi 1997, no writ). When a trial court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *State Farm Fire & Cas. Co. v. S.S. & G.W.*, 858 S.W.2d 374, 380 (Tex. 1993).

The facts of this case are uncontested. Therefore, the only question before us is whether Zachry's affirmative defenses of *res judicata* and collateral estoppel support its right to summary judgment as a matter of law.

 *Res judicata*, or claim preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit. *Barr v. Resolu-tion Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992); *Ingersoll–Rand Co. v. Valero Energy Corp.*, 953 S.W.2d 861 (Tex.App.—Corpus Christi 1997, pet. granted). Collateral estoppel, or issue preclusion, prevents the relitigation of identical issues of fact or law which were actually litigated and essential to the prior judgment. *Barr*, 837 S.W.2d at 628.

In the *Ruiz* lawsuit, we identify the claim presented to the arbitration panel as one involving a determination of the comparative responsibility between Fluor and Zachry with respect to the $850,000 settlement fund. The arbitration panel in *Ruiz* was confronted with the facts and circumstances surrounding the erection, maintenance, and inspection of the scaffolding that Ruiz was injured on. After hearing the relevant evidence, the arbitration panel was asked to apportion percentages of liability between Fluor and Zachry.

Although the arbitration agreement stated, it is "the intention of the parties that Zachry or Fluor Daniel or a third party or all or some of them be found liable to the extent of the total thereof," the record is clear that neither Zachry nor Fluor intended for Citgo to be found liable with respect to any portion of the settlement fund because as Ruiz's employer, Citgo was statutorily shielded from liability. Moreover, Citgo was not a defendant in the case. Therefore, under Texas law, the panel could only consider Citgo's negligence for the limited purpose of determining if it was the sole proximate cause of the accident in question. *See Dresser Indus. v. Lee*, 880 S.W.2d 750, 753 (Tex.1993) (defendant may introduce evidence that negligence of plaintiff's employer was the sole proximate cause of accident, even though employer is immune from liability); *Varela v. American Petrofina Co.*, 658 S.W.2d 561, 562 (Tex.1983) (employer's negligence cannot be considered in third-party negligence action for purpose of reducing tortfeasor's damages).

In the present lawsuit, the trial court below was not being asked to reapportion

liability based on the facts and circumstances surrounding Ruiz's injuries. Instead, the court was asked to clarify the dollar effect of its prior judgment with respect to the $850,000 settlement fund. By simply adopting the arbitration panel's percentages of liability without providing the legal effect thereof, the prior judgment was subject to different interpretations as evidenced by the present conflict.[5]

Regardless of the fact that the *Ruiz* court denied Fluor's petition for modification, correction, and confirmation of the arbitration panel's decision, the claim in that case remained the determination of liability with respect to the settlement fund. In the suit relating to this appeal, the court was asked to give effect to its prior judgment and not to reapportion liability. Essentially, this appeal arises from an action to not only construe a prior judgment, but also to enforce an arbitration award. This type of action is a new and different cause of action from the underlying dispute that was arbitrated. *See Kline v. O'Quinn*, 874 S.W.2d 776, 785 (Tex.App.—Houston [14th Dist.] 1994, writ denied). Therefore, we hold Fluor's case in the present suit is not barred by *res judicata*. We also hold the case is not barred by collateral estoppel because it presents different issues of law that were not litigated as part of the arbitration proceedings in the *Ruiz* lawsuit. Granting Zachry's summary judgment on either of these grounds was error. Fluor's first issue is sustained.

■ By its second issue, Fluor contends the trial court erred in granting summary judgment on grounds of *res judicata* and collateral estoppel arising from the prior federal court action.

■ In its order granting Zachry's motion to dismiss, the federal district court held "that the *Rooker–Feldman* doctrine

bars Fluor's action against Zachry and that this Court has no jurisdiction to review or modify the state judgment in cause number 92–1055–C." Under federal law, a dismissal for lack of jurisdiction is not a judgment on the merits, and does not bar a subsequent suit on the same claim. *Shell Pipeline Corp. v. Coastal States Trading, Inc.*, 788 S.W.2d 837, 843 (Tex. App.—Houston [1st Dist.] 1990, writ denied) (citing *Brooks v. Arlington Hosp. Ass'n*, 850 F.2d 191, 196 (4th Cir.1988)).

When the federal court determined it did not have subject matter jurisdiction based on the *Rooker–Feldman* doctrine, any findings beyond those necessary to make that decision were not actually litigated or necessary to the outcome, and therefore, do not have collateral estoppel or *res judicata* consequences. *See Shell*, 788 S.W.2d at 843 (citing *Jack Faucett Assoc., Inc. v. American Tel. & Tel. Co.*, 744 F.2d 118, 125 (D.C.Cir.1984)). Therefore, granting Zachry's summary judgment on these grounds was error. Fluor's second issue is sustained.

We decline to address Fluor's third and fourth issues as they are not dispositive to this appeal. Tex.R.App. P. 47.1. Accordingly, we reverse the summary judgment granted by the lower court and remand this action to that court.

---

5. This issue was resolved by the Texas Supreme Court's decision in *Varela v. American Petrofina Co.*, 658 S.W.2d 561 (Tex.1983), where the court held that because a claim for contribution against the subscribing employer was barred by the workers' compensation law, proportionate responsibility assigned to the employer did not apply to limit another defendant's damages. *Varela*, 658 S.W.2d at 562–63.