NUMBERS
13-03-585-CV AND 13-03-586-CV

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

FLUOR DANIEL,
INC.,                                                                      Appellant,

                                                             v.

H.B. ZACHARY COMPANY, INC.,                                                     Appellee.

 

 

                     On appeal from the 94th District
Court

                                        of
Nueces County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 

 








This is an appeal from a trial court=s order severing a case and awarding attorney=s fees in one of the two severed causes of
action.  A thorough articulation of the
underlying dispute between these parties, which triggered in part the current
appeal, can be found in our opinion reported at Fluor Daniel, Inc. v. H.B.
Zachry, Co., 1 S.W.3d 166 (Tex. App.BCorpus Christi 1999, pet. denied).  We affirm.

Facts

Essentially, this dispute arises from an action to
construe and enforce an arbitration award. 
Appellant, Fluor Daniel, Inc., and appellee, H.B. Zachry Company, Inc.,
were originally both named defendants in a lawsuit brought by Arturo Ruiz
against several defendants in 1992.[1]  Ruiz was an employee of Citgo Petroleum
Corporation when he fell and sustained debilitating injuries.  Fluor, Zachry and a third-party entered into
a settlement agreement with Ruiz and created a settlement fund.[2]  Fluor initially contributed $800,000 to the
fund and Zachry contributed $50,000.  As
part of the agreement, Fluor and Zachry agreed to arbitrate the comparative
responsibility and contribution between themselves.[3]  Fluor and Zachry presented their arguments
before an arbitration panel, which apportioned liability as follows:  Citgo, 80% liable; Fluor, 10% liable; and
Zachry, 10% liable.  








The determination of exactly what the percentage of
liability apportionment meant, however, resulted in the ensuing
litigation.  Fluor construed the
arbitration panel=s decision to mean that since Citgo was statutorily
shielded from liability, both Fluor and Zachry should contribute equally to the
settlement fund because they were found equally at fault.  However, Zachry interpreted the panel=s ruling differently, believing that since it was
held to be only 10% at fault, it is responsible for providing only 10% of the
settlement fund.  The crux of Zachry=s belief is that the panel had the option of finding
Citgo 100% percent liable, which would have yielded the status quo.  The status quo would have been exactly what
the parties tendered into the settlement fund prior to arbitration, with Fluor
contributing $800,000 and Zachry contributing $50,000.  

Fluor sought judicial review of the panel=s ruling.[4]  First, Fluor attempted to have the district
court modify, correct and confirm the arbitration panel=s final award to their interpretation.  The district court denied the relief Fluor
sought and entered a final judgment in Cause No. 92-1055-C.  No appeal from this judgment was taken; therefore,
this became a final and unappealable order. 









Fluor then sued Zachry in the United States District
Court for the Southern District of Texas.[5]  This suit, however, was dismissed for want of
jurisdiction pursuant to the Rooker-Feldman doctrine.[6]  Fluor, still seeking relief, next filed suit
as Cause No. 97-3543-C in the same Texas district court that rendered the
initial judgment in Cause No. 92-1055-C.[7]  Zachry=s answer raised, inter alia, the affirmative
defenses of res judicata and collateral estoppel.  Zachry also filed a counterclaim in which it
asked the district court to declare that Fluor violated the agreement regarding
arbitration, therefore, entitling Zachry to attorney=s fees.[8]  Zachry also filed a motion for summary
judgment asserting that res judicata and collateral estoppel precluded
Fluor from recovering.  The trial court
granted the motion and Fluor appealed. 
We reversed and remanded, holding that these doctrines were inapplicable
because Fluor=s suit was only asking the trial court to give
effect to a prior judgment and not reapportion liability.  See Fluor, 1 S.W.3d at
169-70.  

On remand, the district court severed the claims
into two causes, Cause No. 97-3543-C (Fluor=s
original claim) and 97-6119-C (Zachry=s counterclaim for attorney=s fees). 
Cause No. 97-3543-C proceeded to a bench trial in which the court
rendered judgment in favor of Zachry on January 2, 2001.  Fluor filed a timely motion for new trial,
which was overruled by operation of law, and attempted to appeal the final judgment
in Cause No. 97-3543-C.  However, we
dismissed that appeal for want of jurisdiction, holding that Fluor did not
timely file its notice of appeal pursuant to Texas Rule of Appellate Procedure
26.1.  See Fluor Daniel, Inc. v. H.B.
Zachry, Co., No. 13-01-289-CV, 2001 Tex. App. LEXIS 3675 (Tex. App.BCorpus Christi May 24, 2001, no pet.) (not
designated for publication).    








Cause No. 97-6119-C (Zachry=s claim for attorney=s
fees) then proceeded to a jury trial. 
The jury returned judgment in favor of Zachry and awarded it reasonable
and necessary attorney=s fees in the amount of $50,000 for defending Cause
No. 97-3543-C and for prosecuting Cause No. 97-6119-C.  The jury also held that if Cause No.
97-6119-C were appealed to this Court, then the reasonable and necessary
attorney=s fees Zachry would additionally incur on appeal
would be $12,500.  The district court
subsequently rendered judgment on the verdict. 
The court entered its AFinal Judgment@ on July 3, 
2003, according to the court=s docket sheet; however, the date was not noted on
the copy of the judgment.  On July 30,
2003, Fluor filed a motion for new trial, and Zachry filed an AUnopposed Motion For Entry of Judgment Nunc Pro Tunc@ seeking to have the 
nunc pro tunc judgment date reflect the date of the final judgment.  The court signed the nunc pro tunc judgment
on July 31, 2003.  Subsequently, Fluor
filed an amended motion for new trial on August 12, 2003, and then it filed its
notice of appeal for Cause No. 97-6119-C on September 30, 2003.  In addition, and on the same day, Fluor filed
another notice of appeal for Cause No. 97-3543-C.                  

Finality of Judgment

We address Fluor=s
second issue which essentially asserts that Athe
trial court erred in severing the attorney=s fees issue and rendering an ostensible final
judgment in Cause No. 97-3543-C.@  Fluor did
not, however, present an argument regarding the propriety of the severance;
rather, Fluor avers that the judgment entered on January 2, 2001 in Cause No.
97-3543-C was not final and it did not become final until Cause No. 97-6119-C
made it final.  Fluor=s argument is wholly unfounded.  








The Texas Supreme Court has stated that Aa judgment is final for purposes of appeal if it
disposes of all pending parties and claims in the record, except as necessary
to carry out the decree.@  Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001) (citations omitted).   A[W]hether a judicial decree is a final judgment must
be determined from its language and the record in the case.@  Id.  Moreover, A[a]
severance divides the lawsuit into two or more separate and independent
causes.  When this is done, a judgment
that disposes of all parties and issues in one of the severed causes is
final and appealable.@  Hall v.
City of Austin, 450 S.W.2d 836, 837-38 (Tex. 1970) (emphasis added).

The trial court severed the two causes of action on
January 2, 2001, thereby making the judgment in Cause No. 97-3543-C final and
appealable.  The judgment for Cause No.
97-3543-C reads in pertinent part:

It is hereby ORDERED,
ADJUDGED AND DECREED that the declaratory relief sought by H. B. Zachry
Company, Inc. that its liability for contribution to Fluor Daniel, Inc. be
limited to ten percent (10%) of the total settlement fund as determined by the
Arbitration Panel in its Final Decision must be and it is hereby GRANTED.

. . .       

IT IS ORDERED, ADJUDGED and
DECREED that the Counter-Claim of H. B. Zachry Company, Inc. for recovery of
attorney=s fees be and the same is hereby severed from the
claim of Fluor Daniel Inc. and H. B. Zachry, Inc. and the Counter-Claim of H.
B. Zachry Company, Inc. against Fluor Daniel, Inc. as to which the Court has
entered this Judgment, which Judgment is hereby made final; and 

 

IT IS FURTHER ORDERED that
the Clerk of the Court re-docket the pleadings of H. B. Zachry Company, Inc.
asserting its claim for attorney=s fees as Cause No. 97-6119-C in this Court in such
other manner as approved by the Court which will preserve such claims.

 

All relief not specifically
herein granted, is denied. 

 








            Therefore, the record clearly
indicates that the trial court intended to dispose of all issues and parties
involved in Cause No. 97-3543-C. 
Further, the parties themselves understood this is what the trial court
intended.  AFinality
>must be resolved by a determination of the intention
of the court as gathered from the language of the decree and the record as a
whole, aided on occasion by the conduct of the parties.=@ Lehmann, 39 S.W.3d at 203 (quoting 5 RAY W.
MCDONALD, TEXAS CIVIL PRACTICE ' 27:4[a], at 7 (John S. Covell, ed., 1992
ed.)).  The record is patently clear from
the conduct of the trial judge and the parties that they intended the January
2, 2001 final order in Cause No. 97-3543-C to be final and appealable.  In fact, Fluor attempted to appeal this
judgment, albeit after the time for appeal had expired.  Fluor had its chance to appeal the final
judgment of Cause No. 97-3543-C but failed to abide by the rules.  Fluor now seeks a second bite at the apple by
again bringing an appeal but disguising it as an attack on the severance of the
case. Accordingly, Fluor=s issue on severance is overruled.

Attorney=s Fees

We now turn to Fluor=s issue regarding the award of attorney=s fees.  In
its counterclaim, Zachry alleged that Aas the prevailing party in a suit for declaratory
judgment [Cause Number 97-3453-C] it would be just and equitable for . . . [it]
to recover its reasonable and necessary attorney=s fees
. . . pursuant to ' 37.009, Texas Civil Practice and Remedies Code.@  Zachry
alleged that it incurred in excess of $150,000 in reasonable and necessary
attorney=s fees.[9]  Fluor contends that the trial court should
not have awarded attorney=s fees in favor of Zachry.  Fluor raises several reasons for this
assertion.








First, Fluor alleges that
Zachry=s reliance on section 38.001 of the civil practice
and remedies code for its authority to recover attorney=s fees Ais flawed.@  However,
Zachry did not rely on Section 38.001; rather, Zachry relies on chapter 37 of
the civil practice and remedies code and the agreement itself for its authority
enabling it to recover attorney=s fees.  

Next, Fluor alleges that Athe declaratory judgment itself is not a proper
avenue in this case and therefore cannot provide the basis for [an award of]
attorney=s fees.@  However,
Fluor is the party who first brought a declaratory judgment action.  Fluor=s original petition specifically prays that the
trial court  Adeclare the dollar effect@ of the arbitration award.  No particular type of pleading is required by
the declaratory judgments act, but it is clear that Fluor=s suit was an action seeking declaratory
judgment.  See, e.g., Anderson
v. McRae, 495 S.W.2d 351, 358 (Tex. Civ. App.BTexarkana
1973, no writ).  Having forced Zachry to
defend against a declaratory judgment action, Fluor may not now complain on appeal
that a declaratory judgment was not a Aproper avenue@ for this case. 


Finally, Fluor alleges that
the award itself was inequitable. 
Section 37.009 of the civil practice and remedies code explicitly states
that the trial judge may award reasonable and necessary attorney=s fees as are equitable and just for any proceeding
brought under the Texas Declaratory Judgments Act (hereinafter AAct@) of chapter 37 of the civil practice and remedies
code.  See Tex. Civ. Prac. & Rem. Code Ann. ' 37.009 (Vernon 1997); Bocquet v. Herring,
972 S.W.2d 19, 20 (Tex. 1998).  Thus, the
award of attorney=s fees in a declaratory judgment action is entrusted
to the discretion of the trial court.  See
Bocquet, 972 S.W.2d at 20.  In a
declaratory judgment action, a successful defendant may recover attorney=s fees if the defendant so requests.  Id. 









The standards for awarding
attorney=s fees pursuant to the Act are that (1) the fees
must be reasonable and necessary, which is a question of fact, and (2)  the fees must be equitable and just, which is
a matter of law.  Id. at 21.  The trial court abuses its discretion if it awards
attorney=s fees arbitrarily, unreasonably, or without regard
to guiding legal principals.  Id. (citing
Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997)).  Additionally, there must  be supporting evidence in order to sustain a
verdict of an award of attorney=s fees.  See
id. (citing Beaumont Bank v. Buller, 806 S.W.2d 223, 226 (Tex.
1991)).  In sum, when reviewing an award
of attorney=s fees under the Act, Athe
court of appeals must determine whether the trial court abused its discretion
by awarding fees when there was insufficient evidence that the fees were
reasonable and necessary, or when the award was inequitable or unjust.@  Id.








In the present case, we find
nothing to indicate that the district court=s
awarding of attorney=s fees to Zachry was unjust or inequitable, as there
was ample evidence to support the jury=s determination that $50,000 in attorney=s fees was reasonable and necessary.  Zachry presented numerous invoices from the
Kleberg Law Firm, which represented Zachry in the matter.  These invoices detail the expenses Zachry
incurred in defending and prosecuting these claims.  The invoices show that the Kleberg Law Firm
billed Zachry for roughly $148,743 for their legal services.  Testimony at trial elucidated how these fees
were incurred.  The jury determined that
$50,000 was a reasonable award.  There is
certainly more than a scintilla of evidence to support this award.  Zachry was the prevailing party in a
declaratory judgment action.  Finally,
section VI of the arbitration agreement between Fluor and Zachry specifically
calls for an award of attorney=s fees when one party seeks judicial relief.  Therefore, when reviewing the entire record,
we cannot say that the trial court abused its discretion in awarding Zachry
attorney=s fees.

Lastly, Fluor attempts to
assert that Zachry cannot recover its attorney=s fees
because it was not a prevailing party. 
We conclude that Zachry did prevail in the underlying cause because
Zachry received what it requested, that is, an interpretation of the
arbitration decision which entitled it to contribute only 10% of the settlement
fund.  However, we also note that under
the Act a party does not have to prevail to be awarded attorney=s fees.  See,
e.g., Barshop v. Medina County Underground Water Cons. Dist., 925 S.W.2d
618, 637 (Tex. 1996).  Accordingly, Fluor=s issue regarding the awarding of attorney=s fees is overruled. 


Conclusion

Having overruled both of
Fluor=s issues on appeal, we affirm the trial court=s judgment severing the two causes and awarding
Zachry attorney=s fees.

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

 

Memorandum Opinion delivered and filed

this 13th day of October, 2005.











[1]Cause No. 92-1055-C, styled Arturo
Ruiz v. H.B. Zachry Company, Fluor Daniel, Inc., Mundy Services Corp., and
Brand Scaffold Builders, Inc.





[2]The third-party is Mundy Industrial
Maintenance, Inc. (incorrectly named by Ruiz as Mundy Service Corp.).  Mundy contributed $50,000 to the settlement
fund and both Fluor and Zachry agreed to release Mundy from further
contribution and indemnity. 





[3]The agreement provided in relevant
part:

 

The respected [sic] percentages of liability, if
any, of the parties in the total sum of the settlement fund will be determined
under this agreement, it being the intention of the parties that Zachry or
Fluor Daniel or a third party or all or some of them be found liable to the
extent of the total thereof.





[4]The district court=s order dismissing with prejudice
certain claims, pursuant to the settlement agreement, specifically retained
Zachry and Fluor=s contribution claims, subject to
binding arbitration.  





[5]Civil Action No. C-96-603, styled Fluor
Daniel, Inc. v. H.B. Zachry Co., Inc.





[6]The Rooker-Feldman doctrine
is discussed in more detail in our previous opinion.  See Fluor Daniel, Inc. v. H.B.
Zachry, Co., 1 S.W.3d 166, 168-69 (Tex. App.BCorpus Christi 1999, pet.
denied).  Essentially, we stated that A[u]nder the Rooker-Feldman
doctrine, federal district courts, as courts of original jurisdiction, lack
jurisdiction to review, modify, or nullify final
orders of state courts.@ 
Id. at 168. 





[7]The basis of this petition was Ato have the Court construe
the Arbitration Agreement between these parties and its earlier judgment
entered pursuant to such Agreement and declare the meaning thereof in aid of
enforcement of the Judgment.@  Fluor conceded that
the court=s prior judgment was final,
binding, and unappealable under the terms of the agreement, but it asked the
court to declare the prior judgment=s actual dollar effect as to each party, due to the fact
that the arbitration panel=s decision apportioning liability against Citgo was Ainconsistent with Texas law@ as well as the settlement
agreement between Fluor and Zachry. 





[8]Chapter 37 of the Texas Civil
Practice and Remedies Code, known as the Declaratory Judgments Act, provides
that in any proceeding under the Act Athe court may award costs and reasonable and necessary
attorney=s fees as are equitable and just.@ 
Tex. Civ. Prac. & Rem. Code
Ann. ' 37.009 (Vernon 1997).  

 





[9]The jury however awarded Zachry
only $50,000 for reasonable and necessary attorney=s fees.